```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HOWARD MILLER,                       :    CIVIL ACTION
                                     :    NO. 14-5531
          Petitioner,                :
                                     :
     v.                              :
                                     :
KENNETH CAMERON, et al.,             :
                                     :
          Respondents.               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              November 23, 2016

Howard Miller ("Petitioner") is a Pennsylvania state prisoner who filed a pro se application seeking relief through a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("habeas petition"). Magistrate Judge Timothy R. Rice ("Judge Rice") recommended that the Court dismiss the habeas petition. Thereafter, Petitioner filed a request to amend his petition to add a new claim. For the reasons that follow, the Court will deny Petitioner's request to amend, approve and adopt Judge Rice's Report and Recommendation ("R&R"), and dismiss the habeas petition.

## I. BACKGROUND

On February 9, 2006, a Court of Common Pleas jury convicted Petitioner of raping his ex-girlfriend's fifteen-year-old daughter. Commonwealth v. Miller, No. 1532 EDA 2006, slip op. at 1-3 (Pa. Super. Ct. Feb. 11, 2009), ECF No. 6-1. The jury also found Petitioner guilty of involuntary deviate sexual intercourse, aggravated indecent assault, and corruption of minors. Id. at 3.

On May 19, 2006, the trial court sentenced Miller to ten-to-twenty years of imprisonment for the rape conviction, followed by a consecutive term of ten years of probation for the involuntary deviate sexual intercourse conviction.[1] R&R at 1, ECF No. 10. On direct appeal, Miller claimed that he was entitled to a new trial based on the trial court's questioning of the victim's grandmother. Miller, No. 1532 EDA 2006, slip op. at 3-4. The Superior Court affirmed the judgment of sentence, finding that Miller's claim was both waived and meritless. Id. at 4-6. On July 28, 2009, the Pennsylvania Supreme Court denied allocatur. R&R at 2.

In April 2010, Miller filed a pro se petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"). Id. The PCRA court appointed counsel, who filed an amended petition claiming

---

[1] The court imposed no further penalty for the remaining convictions.

2

that Miller's appellate counsel was ineffective for waiving all issues on appeal.[2] Mot. Supplement R. Ex. A, ECF No. 8-1. On October 15, 2012, the PCRA court dismissed Miller's amended petition. See Criminal Docket, Commonwealth v. Miller, No. CP-51-CR-1004711-2004, at 28 (Pa. Ct. Com. Pl.). On February 27, 2014, the Superior Court affirmed, and on July 29, 2014, the Pennsylvania Supreme Court denied review. Id. at 29. On August 11, 2014, Miller filed a second PCRA petition, raising two new claims: (1) prosecutorial misconduct and fraud for altering evidence, and (2) his sentence was illegal. Mot. Supplement R. Ex. D, ECF No. 8-4. On September 19, 2014, Miller moved to amend his second PCRA petition by adding another claim: that new evidence demonstrates the victim was not a credible witness. Mot. Supplement R. Ex. E, ECF No. 8-5. The PCRA court dismissed this second PCRA petition on April 28, 2016. Criminal Docket, Miller, No. CP-51-CR-1004711-2004, at 31.

Petitioner filed the instant habeas petition in September 2014, bringing only one claim: trial counsel was ineffective for failing to file post-sentence motions. ECF No.

---

[2] Shortly after filing the amended petition, counsel moved to withdraw from the case, noting that all of Petitioner's claims, other than the one in the amended petition, were without merit. Mot. Supplement R. Ex. B, ECF No. 8-2. Counsel's request was eventually granted. Criminal Docket, Commonwealth v. Miller, No. CP-51-CR-1004711-2004, at 30 (Pa. Ct. Com. Pl.)

3

1.[3] Respondents filed a response to the habeas petition, ECF No. 6, and Petitioner filed a reply, which he labeled a "Traverse," ECF No. 7. In his reply, he added one of the two claims from his second PCRA petition: that his sentence was illegal.

On March 14, 2016, Judge Rice filed the R&R, recommending that the Court dismiss the habeas petition with prejudice and without a certificate of appealability. R&R at 8. Petitioner filed timely pro se objections. ECF No. 11. More than four months later, on August 1, 2016, Petitioner filed "Amended Objections," this time with counsel. ECF No. 13. The amended objections also contain a "Request to Amend Petition." Id. Respondents filed a response to the new filing, ECF No. 14, and both the original objections and amended objections/request to amend are now ripe for the Court's review.

## II. LEGAL STANDARD

The Court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). A prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See

---

[3] He also requested that the Court stay and abey his habeas petition while he awaited a decision on his second PCRA petition. ECF No. 1 at 26-27. That request is now moot, as his second PCRA petition has since been denied.

§ 636(b)(1); E.D. Pa. R. Civ. P. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1). The Court does not review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (internal quotation marks omitted)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

On habeas review, the Court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d).

**III. DISCUSSION**

  A.  Amended Objections/Request to Amend Petition

First, the Court must determine whether to accept Petitioner's amended objections and/or to grant Petitioner's request to amend his petition.

The Federal Magistrates Act allows a district court to

5

designate a magistrate judge to evaluate "applications for posttrial relief made by individuals convicted of criminal offenses." 28 U.S.C. § 636(b)(1)(B). Where a matter is so designated, "the magistrate judge shall file his proposed findings and recommendations" with the court. § 636(b)(1)(C). Any party may then "serve and file written objections to such proposed findings and recommendations" within fourteen days of being served with a copy of the recommendations. § 636(b)(1). Petitioner's amended objections, filed nearly five months after the R&R was served, clearly fall well outside this fourteen-day period. The question, then, is whether the Court should consider the objections nonetheless.

In Grandison v. Moore, 786 F.2d 146 (3d Cir. 1986), the Third Circuit vacated a district court's order granting judgment to the respondents. Id. at 150. There, the petitioner filed his objections seven days late, and the district court refused to consider them. The Third Circuit held that the district court's refusal was an abuse of discretion because the district court improperly "treated the 10 day statutory period[4] for filing objections . . . as jurisdictional." Id. at 148. Instead, the Third Circuit said, the response period set forth in § 636(b)(1) "may be extended by the district court." Id. But

---

[4] At the time, the statutory period was ten days, rather than fourteen.

6

the court emphasized that, in determining whether to accept late objections, the district court should determine whether "the moving party adequately justifies his request for relaxation of the time constraints." Id. (quoting Zelaskowski v. Johns-Manville, Corp., 578 F. Supp. 11, 13 (D.N.J. 1983)).

Here, Petitioner – through his new counsel – has not even attempted to justify "his delayed filing of the objections."[5] Accordingly, the Court will decline to consider his amended objections, filed four months late, as objections.

But Petitioner's amended objections also serve as a request to amend his habeas petition. Specifically, he wishes to challenge the legality of his sentence – a claim he did not include in his habeas petition, but instead raised for the first time in his reply brief.[6]

---

[5] Indeed, the amended objections do not even contain an acknowledgement of their late filing.

[6] Or, at least, it appears this is the purpose of Petitioner's desired amendment. In the amended objections, Petitioner sets forth his argument concerning the legality of his sentence, then concludes the filing with:

> Petitioner requests an evidentiary hearings [sic], and retroactive application of the constitutional rule in Johnson and application of the state court ruling in Hopkins to his sentence, removing the mandatory minimum incarceration time. Mr. Miller would further request that his counsel be permitted to amend his habeas petition and elaborate on the pro se arguments petitioner made. Mr. Miller seeks an evidentiary hearing to present further evidence of the illegality of his sentence.

The Federal Rules of Civil Procedure apply to motions to amend habeas petitions. United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should deny leave to amend only in limited circumstances, such as where "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003). "In determining whether a claim would be futile, the district court applies the same standard of legal sufficiency as [it] applies under Federal Rule of Civil Procedure 12(b)(6)." Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010). Thus, "'futility' means that the petition, as amended, would fail to state [a] claim upon which relief could be granted." Baker v. Diguglielmo, No. 08-3155, 2009 WL 2989387, at *2 (E.D. Pa. Sept. 16, 2009).

Here, Respondents contend that amendment would be futile because Petitioner's new claim is (1) untimely, (2) procedurally defaulted, and (3) meritless. Even assuming for

---

Am. Objections at 11-12, ECF No. 13. If Petitioner wants counsel to elaborate on arguments other than the one about Petitioner's sentence – which appears to be covered in full in the amended objections – he has not explained what those arguments are or why the Court should allow amendment so counsel can address them.

these purposes that the claim is neither untimely nor procedurally defaulted,[7] Respondents are correct that the claim is meritless – and thus, that amendment would be futile.

Petitioner alleges that, under two United States Supreme Court cases decided since his sentencing, his sentence is retroactively illegal.

First, Petitioner claims that his sentence is illegal under Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court struck down a narrow portion of the Armed Career Criminal Act ("ACCA"), which prohibits convicted felons from possessing firearms. For those who have three or more earlier convictions for a "violent felony," the ACCA increases the penalty for violations from a maximum of 10 years, 18 U.S.C. § 924(a)(2), to a minimum of 15 years and a maximum of life, 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

---

[7] Because the claim is meritless, the Court need not unravel its procedural knots.

9

18 U.S.C. § 924(e)(2)(B) (emphasis added). The last portion of this definition – "or otherwise involves conduct that presents a serious potential risk of physical injury to another" – is known as the ACCA's "residual clause," and it is this portion of the statute that the Johnson Court struck down. Specifically, the Court said, the residual clause is "unconstitutionally vague" because it "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime,[8] not to real-world facts or statutory elements," and because it "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." 135 S. Ct. at 2557-58.

Petitioner contends that he was sentenced under a statute that, under Johnson, must also be struck down: Pennsylvania's "second-strike provision," 42 Pa. Cons. Stat. Ann. § 9714.[9] Under this provision, anyone who is convicted of a "crime of violence" and, at the time of the commission of the

---

[8] Since Taylor v. United States, 495 U.S. 575 (1990), "[d]eciding whether the residual clause covers a crime . . . [has] require[d] a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." Johnson, 135 S. Ct. at 2557.

[9] Petitioner and Respondents appear to agree that Petitioner was sentenced under this statute, though they do not point to evidence of that. The remainder of this analysis assumes that they are correct on this point.

current offense, had previously been convicted of another "crime of violence," must be sentenced to at least 10 years of imprisonment. § 9714(a)(1). Petitioner argues that "[t]he Johnson statute is almost identical in verbiage to the Pennsylvania statute, and thus the Federal ruling declaring this language unconstitutionally vague should be dispositive on the state statute." Am. Objections at 4. In so arguing, Petitioner misreads Johnson, the ACCA, and the Pennsylvania statute.

The Johnson Court did not, as Petitioner believes, "overturn[] the Federal Armed Career Criminal Act." Id. Rather, the Johnson Court struck down a particular clause in the ACCA. Under Johnson, the problem with the ACCA is not the phrase "violent felony" – which Petitioner incorrectly quotes as "violent crimes" and "crimes of violence" – but with a specific portion of the definition of the phrase "violent felony": "or otherwise involves conduct that presents a serious potential risk of physical injury to another." Johnson did not strike down any other portion of the ACCA, or even any other portion of the definition of "violent felony"; sentences imposed under other clauses in that same section of the statute are still valid.

Therefore, the mere fact that the Pennsylvania statute contains the phrase "crimes of violence" does not mean that it has a Johnson problem. Rather, the Pennsylvania statute is not unconstitutional under Johnson unless it contains language like

11

the ACCA's residual clause – and, even then, only that narrow portion of the statute would be improper.

The Pennsylvania statute defines "crime of violence" as follows:

> [M]urder of the third degree, voluntary manslaughter, manslaughter of a law enforcement officer as defined in 18 Pa. C.S. § 2507(c) or (d) (relating to criminal homicide of law enforcement officer), murder of the third degree involving an unborn child as defined in 18 Pa. C.S. § 2604(c) (relating to murder of unborn child), aggravated assault of an unborn child as defined in 18 Pa. C.S. § 2606 (relating to aggravated assault of unborn child), aggravated assault as defined in 18 Pa. C.S. § 2702(a)(1) or (2) (relating to aggravated assault), assault of law enforcement officer as defined in 18 Pa. C.S. § 2702.1 (relating to assault of law enforcement officer), use of weapons of mass destruction as defined in 18 Pa. C.S. § 2716(b) (relating to weapons of mass destruction), terrorism as defined in 18 Pa. C.S. § 2717(b)(2) relating to terrorism), trafficking of persons when the offense is graded as a felony of the first degree as provided in 18 Pa. C.S. § 3002 (relating to trafficking of persons), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson endangering persons or aggravated arson as defined in 18 Pa. C.S. § 3301(a) or (a.1) (relating to arson and related offenses), ecoterrorism as classified in 18 Pa. C.S. § 3311(b)(3) (relating to ecoterrorism), kidnapping, burglary as defined in 18 Pa. C.S. § 3502(a)(1) (relating to burglary), robbery as defined in 18 Pa. C.S. § 3701(a)(1)(i), (ii), or (iii) (relating to robbery), or robbery of a motor vehicle, drug delivery resulting in death as defined in 18 Pa. C.S. § 2506(a) (relating to drug delivery resulting in death), or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

42 Pa. Cons. Stat. Ann. § 9714(g).

That definition contains no language resembling the residual clause. It does not "invite arbitrary enforcement by judges," Johnson, 135 S. Ct. at 2557, because it is specific and thorough.[10] Accordingly, the Pennsylvania statute – and, therefore, Petitioner's sentence – is not unconstitutional under Johnson. See Commonwealth v. Guess, No. 9813-08, 2016 WL 1533520, at *6 (Pa. Super. Ct. Apr. 14, 2016) ("Furthermore, even if Johnson is found to apply retroactively, the Defendant was not sentenced under this federal statute. The Pennsylvania statute under which the Defendant was sentenced, which has not been found to be unconstitutional, does not contain similarly vague language, but rather a list of clearly enumerated crimes of violence. 42 Pa. C.S.A. § 9714(g).").

Second, Petitioner claims that his sentence is illegal

---

[10] In contrast, the Third Circuit recently found unconstitutional 18 U.S.C. § 16(b), which defines a "crime of violence" for certain immigration purposes as "any other offense . . . that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The Third Circuit held that § 16(b), like the ACCA's residual clause, "'combin[es] indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as' a crime of violence," and thus violates the Due Process Clause. Baptiste v. Attorney Gen. U.S., No. 14-4476, 2016 WL 6595943, at *16 (3d Cir. Nov. 8, 2016) (quoting Johnson, 135 S. Ct. at 2558).

The Pennsylvania statute at issue in this case presents no such concerns about "risk."

under Alleyne v. United States, 133 S. Ct. 2151 (2013). In Alleyne, the Supreme Court held that "any fact that increases [a] mandatory minimum is an 'element' that must be submitted to the jury." Id. at 2155. Petitioner argues that because "the proof of whether a person has a prior crime of violence and of whether the current crime is a 'crime of violence' is required only at sentencing" under the Pennsylvania statute at issue, the statute violates Alleyne. Am. Objections at 5. That is, Petitioner argues that the imposition of his mandatory minimum sentence was unconstitutional because a jury did not decide whether he had committed a prior crime of violence.

     This argument is unavailing. It is true that the general rule is that "any 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime." Alleyne, 133 S. Ct. at 2160 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). But, as Alleyne acknowledged, there is a "narrow exception to this general rule": "the fact of a prior conviction." Id. at 2160 n.1 (citing Almendarez-Torres v. United States, 523 U.S. 224 (1998)). That is, a jury need not find the fact of a prior conviction in order for a sentence to be increased due to that prior conviction. See Commonwealth v. Baker, No. 1779 EDA 2015, 2016 WL 2625320, at *7 n.7 (Pa. Super. Ct. May 6, 2016) ("Alleyne does not affect mandatory minimum sentences based on a

14

prior conviction."). And the Pennsylvania statute at issue, of course, imposes a mandatory minimum if "the person had previously been convicted of a crime of violence." 42 Pa. Cons. Stat. Ann. § 9714(a)(1). It thus falls squarely into the exception carved out in Almendarez-Torres and acknowledged in Alleyne, and is not unconstitutional under Alleyne. See Baker, 2016 WL 2625320, at *7 n.7 (noting that Alleyne does not apply to § 9714); Commonwealth v. Bragg, 133 A.3d 328, 333 (Pa. Super. Ct. 2016) ("Section 9714 is not rendered unconstitutional under Alleyne as it provides for mandatory minimum sentences based on prior convictions."); Commonwealth v. Reid, 117 A.3d 777, 785 (Pa. Super. Ct. 2015) ("[Section 9714] is not unconstitutional under Alleyne.").[11]

In summary, neither Johnson nor Alleyne makes

---

[11] The cases Petitioner cites in support of his argument are irrelevant, as they address entirely different statutory provisions that do not fall under the prior-conviction exception to Alleyne. See Commonwealth v. Hopkins, 117 A.3d 247, 257-62 (Pa. 2015) (holding that 18 Pa. Cons. Stat. Ann. § 6317, which creates a mandatory minimum for persons who violate certain drug laws near schools or playgrounds, is unconstitutional); Commonwealth v. Valentine, 101 A.3d 801, 811-12 (Pa. Super. Ct. 2014) (holding that 42 Pa. Cons. Stat. Ann. §§ 9712 and 9713, which create a mandatory minimum for persons who possess a firearm under certain circumstances while committing a crime of violence and for persons who commit a crime of violence in or near public transportation, respectively, are unconstitutional under Alleyne); Commonwealth v. Newman, 99 A.3d 86, 98 (Pa. Super. Ct. 2014) (holding that 42 Pa. Const. Stat. § 9712.1, which creates a mandatory minimum for certain drug offenders who possess a firearm at the time of the offense, is unconstitutional under Alleyne).

Petitioner's sentence unconstitutional. Accordingly, it would be futile to allow Petitioner to amend his petition to include this claim, and the Court will deny Petitioner's request to amend.

    B.    <u>Ineffective Assistance Claim</u>

        Only one issue remains: Petitioner's claim that his counsel was ineffective for failing to file post-sentence motions. In the R&R, Judge Rice determined that this claim is meritless because Petitioner had not even attempted to show that there was any merit to the post-sentence motions he says counsel should have filed. In response, Petitioner raises one so-called "objection" – that, under <u>Commonwealth v. Kent</u>, 797 A.2d 978 (Pa. Super Ct. 2002), he was entitled, on direct appeal, to receive new counsel "unassociated with the Public Defenders Office."[12] Pro Se Objection at 1, ECF No. 11. The Court rejects this argument.

        First, this is not actually an objection to Judge Rice's recommendation, but instead is a new claim, and under Local Rule 72.1.IV(c), "new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge" – unless "the interest of justice requires

---

[12] Petitioner's Amended Objections – which, again, were filed late, at any rate – do not even mention his claim of ineffective assistance.

it." E.D. Pa. Civ. R. 72.1.IV(c). Petitioner has not explained why the interest of justice requires the Court to consider a claim he could have, but did not, present to the magistrate judge.

Even assuming that the interest of justice requires the Court to consider this new claim, it is meritless. In <u>Kent</u>, the petitioner wanted to argue, on direct appeal, that his trial counsel – the Public Defender's Office – had been ineffective at trial. He thus sought to replace the Public Defender's Office for his direct appeal. But the trial court told him that his only choices were to keep the Defender's Office, hire private counsel, or proceed pro se. The Pennsylvania Superior Court held that because the Defender's Office could not raise its own ineffectiveness on appeal, the trial court gave the petitioner "no real choice when it offered him continued representation by the Public Defender's Office or pro se representation." 797 A.2d at 980. Thus, the Superior Court remanded for appointment of counsel and reinstatement of his direct appeal. <u>Id.</u>

<u>Kent</u> does not stand for the proposition that all defendants represented by the Public Defender's Office at trial are entitled to new counsel on direct appeal. And unlike the petitioner in <u>Kent</u>, Petitioner here "did not express any displeasure with his counsel [after the trial] and did not alert the court to any ineffectiveness claim that he wished to raise."

Rodriguez v. Britton, No. 09-443, 2010 WL 889940, at *11 n.11 (E.D. Pa. Mar. 8, 2010) (determining that Kent did not apply for those reasons). Indeed, Petitioner did not raise claims of ineffectiveness until his first PCRA petition – when he was given new counsel. Therefore, Kent does not apply here.

For this reason, and because Petitioner did not actually object to Judge Rice's conclusion, the Court will overrule Petitioner's objection and approve and adopt the Report and Recommendation.

**IV. CERTIFICATE OF APPEALABILITY**

A petitioner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of his constitutional rights. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

**V.     CONCLUSION**

For the foregoing reasons, the Court will approve and adopt Judge Rice's Report and Recommendation, overrule Petitioner's objections thereto, deny Petitioner's request to amend, and deny the Petition for a Writ of Habeas Corpus without an evidentiary hearing or certificate of appealability.